# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

July 26, 2006

**Before**

Hon. Joel M. Flaum, *Chief Judge*
Hon. Richard A. Posner, *Circuit Judge*
Hon. Frank H. Easterbrook, *Circuit Judge*
Hon. Kenneth F. Ripple, *Circuit Judge*
Hon. Daniel A. Manion, *Circuit Judge*
Hon. Michael S. Kanne, *Circuit Judge*
Hon. Ilana Diamond Rovner, *Circuit Judge*
Hon. Diane P. Wood, *Circuit Judge*
Hon. Terence T. Evans, *Circuit Judge*
Hon. Ann Claire Williams, *Circuit Judge*
Hon. Diane S. Sykes, *Circuit Judge*

No. 05-2749

JOAN LASKOWSKI and DANIEL M. COOK,

*Plaintiffs-Appellants*,

v.

MARGARET SPELLINGS, in her official
capacity as Secretary of the United States
Department of Education,

*Defendant-Appellee*,

and

UNIVERSITY OF NOTRE DAME,

*Defendant-Intervenor-Appellee*.

————————

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 03 C 1810—**Larry J. McKinney**, *Chief Judge.*

————————

**ORDER**

On May 26, 2006 and May 30, 2006, appellees, University of Notre Dame, and Margaret Spellings, Secretary of the United States Department of Education, filed petitions for rehearing with suggestion for rehearing *en banc.* The panel voted to deny rehearing, Judge Sykes dissenting, but to issue the attached supplemental opinion, from which Judge Sykes also dissents.

A vote of the active members of the court on whether to grant rehearing *en banc* was requested, and a majority of the judges have voted to deny the petitions.[Œ] The petitions are therefore DENIED.

———————————————

[Œ] Judges Manion, Kanne, and Sykes voted to grant the petitions for rehearing *en banc*. Judges Ripple and Williams took no part in the consideration or decisions of the petition.

In the

# United States Court of Appeals

## For the Seventh Circuit

———————

No. 05-2749

JOAN LASKOWSKI and DANIEL M. COOK,

*Plaintiffs-Appellants*,

*v.*

MARGARET SPELLINGS, Secretary of Education,

*Defendant-Appellee*,

and

UNIVERSITY OF NOTRE DAME,

*Intervenor-Defendant/Appellee*.

———————

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. 1:03-cv-1810-WTL—**Larry J. McKinney**, *Chief Judge*.

———————

On Petition for Rehearing

———————

JULY 26, 2006

———————

Before POSNER, EVANS, and SYKES, *Circuit Judges*.

POSNER, *Circuit Judge*.  In our original opinion, 443 F.3d 930 (7th Cir. 2006), issued on April 13 of this year, we held,

among other things, that if a grant by the Secretary of Education to the University of Notre Dame had violated the First Amendment's establishment clause, the plaintiffs in this taxpayers' suit might be able to obtain from the district court an order of restitution directing the university to return the money in question to the U.S. Treasury, even if the university had redistributed the money to other colleges rather than spending it itself. The qualification in "might" was in recognition that "there are defenses to restitution. The recipient of the money sought to be recovered may not have known or have had reason to know that it was receiving money by mistake, and may have relied to its detriment on its honest and reasonable belief that it was legally entitled to the money. Notre Dame did rely to its detriment—it gave the money away. Whether it relied reasonably is a separate question. If it was merely an innocent conduit, neither knowing nor having reason to know that it was receiving an unlawful grant, it would not have to make restitution," *id.* at 936—the "separate question" we left open for determination on remand.

In response to the petitions for rehearing we wish to clarify two points, both relating to section 309 of the Consolidated Appropriations Act, 2000, Pub. L. 106-113, 113 Stat. 1501A-261 to 262 (Nov. 29, 1999)—the provision that earmarked the funds for Notre Dame that are at issue in this suit. The provision states (so far as bears on this case) that "of the funds provided in title III of this Act, under the heading 'Higher Education,' for title VII, part B of the Higher Education Act of 1965. . . $500,000 [is earmarked] for the University of Notre Dame for a teacher quality initiative."

1. This language, read in isolation, entitled Notre Dame to retain the entire grant rather than requiring it to redistribute the money to other colleges; the decision to do that was its

own. But in the grant application that Notre Dame had been required to submit in order to obtain the grant from the Department of Education, Notre Dame had proposed that the grant be used for a "replication" program that would result in the redistribution of most—but not all—of the funds to other colleges for their "teacher quality initiatives." "Most" is not "all," so it is clear that Notre Dame was not required to act merely as a fiscal intermediary between the Treasury and the colleges that were the ultimate recipients of the money.

Although even a fiscal intermediary that receives money that it knows or should know was wrongfully obtained by the transferor, or wrongfully transferred to itself, can be made to pay restitution even if it has passed the money along to another entity, pursuant to its duty as an intermediary, e.g., *Elliott v. Swartwout*, 35 U.S. (10 Pet.) 137, 155 (1836); *French Bank of California v. First National Bank*, 585 S.W.2d 431, 432 (Ky. App. 1979); Dan B. Dobbs, 1 *Dobbs Law of Remedies* § 4.6 (2d ed. 1993), we emphasize the qualification "that it knows or should know was wrongfully obtained," lest we be thought to be trying to enlarge the liabilities of a fiscal intermediary. An agent may be made to pay restitution "not only where he indulged in wrongdoing for his own purposes, but also where he acted simply on his principal's behalf. If, however, he has been merely a conduitpipe for the payment of the money to the principal, he can plead the defence [of change of position] even though the money has been obtained as a result of wrongdoing, provided that the agent neither participated in the wrongdoing nor knew about it." Lord Goff & Gareth Jones, *The Law of Restitution* § 40-018 (6th ed. 2002).

A fiscal intermediary has no personal claim to the funds it handles but holds them only for distribution without

compensation. Notre Dame was not a fiscal intermediary. It was entitled to retain some of the grant for itself and anyway it is not a bank or other institution engaged primarily or routinely in financial intermediation. But like such an intermediary, Notre Dame can defend against a claim for restitution, as the quotation from our original opinion should make clear, on the ground of reasonable reliance. That defense remains open to it in the proceedings on remand that we have ordered.

2. The language of section 309 might seem to undermine the plaintiffs' constitutional claim—for how could a "teacher quality initiative" be unconstitutional? But the claim is not that Congress may not give money to religious institutions. It just may not give it without imposing conditions that prevent the use of the money for religious rather than secular purposes. 443 F.3d at 937. "[S]tates may not make unrestricted cash payments directly to religious institutions." *Freedom from Religion Foundation, Inc. v. Bugher*, 249 F.3d 606, 612 (7th Cir. 2001), and cases cited there. Whether appropriate conditions were imposed by the Secretary of Education and were properly observed or implemented by Notre Dame are the issues on the merits that the district court will be resolving in the first instance on remand.

The petitions for rehearing are denied.

No. 05-2749                                                                              5

A true Copy:

    Teste:

_____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*
